Case No. 24-5141

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

---

**MICHAEL WALDEN**

**Plaintiff-Appellant**

**v.**

**GENERAL ELECTRIC INTERNATIONAL, INC. A/K/A GENERAL ELECTRIC A/K/A GE AVIATION and COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC**

**Defendants-Appellees**

---

**On Appeal from the United States District Court for the Western District of Kentucky at Owensboro Case No. 4:19-CV-159-DJH-HBB**

---

## CORRECTED BRIEF OF THE COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO APPELLEE

Dated June 5, 2024

Robert F. Holt
General Counsel
IUE-CWA
2701 Dryden Road
Dayton, OH   45439
Phone: 937-298-9985
Fax: 937-298-2636
Email: rholt@iue-cwa.org

*Attorney for the*
*Communications Workers*
*of America, AFL-CIO*

1

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................. 3

Statement of the Issues ........................................................... 5

I.     Statement of the Case .................................................. 6

II.    Statement of Facts ....................................................... 7

III.   Summary of Argument ................................................. 9

IV.    Argument ...................................................................... 10

    a.  Standard of Review ................................................. 11

    b.  Hybrid §301 Claim ................................................ 12

    c.  Duty of Fair Representation ................................... 13

    d.  Plaintiff's Claims .................................................. 16

        i.  Breach of Contract ........................................ 16

        ii.  Duty of Fair Representation ........................... 17

    e.  Issue Preclusion .................................................... 19

V.     Conclusion .................................................................... 20

VI.    Certificate of Compliance ........................................... 22

VII.   Certificate of Service .................................................. 23

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986)............................................ 12

*Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573 (6 Cir. 1994)................ 15

*Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*,
862 F.2d 597 (6 Cir. 1988).................................................................... 11

*Celotex Case Corp. v. Catrett*, 477 U.S. 317 (1986)............................... 11, 12

*DelCostello v. Teamsters,* 462 U.S. 151 (1983) ...................................... 13, 17

*Ford Motor Co. v. Huffman*, 345 U.S. 330 (1953) ........................................ 13

*Garrison v. Cassens Transport Co.*, 334 F.3d 528 (6 Cir. 2003)....... 13, 14, 17

*Hines v. Anchor Motor Freight, Inc.*,
424 U.S. 554 (1976) ........................................................... 12, 13, 16

*Humphrey v. Moore*, 375 U.S. 335 ............................................................. 14

*Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*,
475 U.S. 574 (1986) .............................................................................. 12

*Motor Coach Employees v. Lockridge*, 403 U.S. 274 (1971) ................ 14, 15

*Olchowik v. Sheet Metal Workers' Int'l Ass'n*,
875 F2d 555 (6th Cir. 1989.................................................................... 19

*Seals v. General Motors Corp.,* 546 F.3d 766 (6th Cir. 2008) ...................... 11

*Steelworkers v. Rawson*, 495 U.S. 362 (1990) ........................................ 15, 18

*United Steelworkers v. Enterprise Wheel
and Car Corp.*, 363 U.S. 593 (1960)...................................................... 15

*Vaca v. Sipes*, 386 U.S. 171 (1967) ............................................................. 14

*Walk v. P*I*E Nationwide*, 958 F.2d 1323 (6th Cir. 1992) ........................... 15

**Statutes**

Age Discrimination in Employment Act, 28 U.S.C. § 621 (ADEA) ..............6

Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 (KCRA) ......................6

Labor Management Relations Act, 29 § 185 (LMRA) ...................................6

## STATEMENT OF THE ISSUES

1. Whether the Union fairly represented the Plaintiff regarding his unsuccessful bids for a toolmaker position.

2. Whether GE breached the collective bargaining agreement by failing to award a toolmaker position to the Plaintiff.

3. Whether the Plaintiff's claims are precluded by the decision of the National Labor Relations Board to dismiss a charge filed by the Plaintiff alleging that the Union failed to fairly represent him.

## I.    STATEMENT OF THE CASE

The Plaintiff-Appellant, Michael Walden, filed the present action on November 11, 2019, in the Western District of Kentucky, Owensboro Division. (R.1, Complaint, PageID #1-6)  In his Complaint Walden asserted claims under the Age Discrimination in Employment Act, 28 U.S.C. § 621 (ADEA); the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 (KCRA); and the Labor Management Relations Act, 29 § 185 (LMRA). (R.1)  The Defendants moved to dismiss for failure to state a claim (R.7 [GE's Motion to Dismiss] and R.8 [Union's Motion to Dismiss]), and Senior Judge Joseph H. McKinley dismissed the Plaintiff's KCRA and LMRDA claims. (R.16, Memorandum Opinion and Order, PageID #87-97). Walden filed an amended complaint, asserting a new LMRDA claim and reasserting his ADEA claim. (R.21, Amended Complaint). The Parties engaged in discovery, and both Defendants submitted Motions for Summary Judgment on March 20, 2023. (R.107 and R.108). The Plaintiff responded to both Motions and, in an order dated January 22, 2024, the District Court granted both of the

Defendants' Motions for Summary Judgment. (R.113 Walden Response to Motion

for Summary Judgment and R.128 Memorandum and Order). The Plaintiff filed his

Notice of Appeal on February 14, 2024. (R.130, Notice of Appeal).

## II.    STATEMENT OF FACTS

The Plaintiff-Appellant, Michael Walden, works for General Electric as a

machine operator at GE's manufacturing facility in Madisonville, Kentucky.  He

has worked there since 2011. (R.113-4 PageID #1376; R.113-5). He is also a

member of a bargaining unit represented by IUE-CWA Local 83701, which is an

affiliated Local within the Communications Workers of America. (R.113-4, PageID

#1459-60). In December of 2018 two positions for toolmakers were posted in the

Madisonville facility. (R.113-2). The Plaintiff applied for this position along with

two fellow bargaining unit members: Nathan Bryant and Brad Brown. (R.113-6

PageID #1286).

Then, as now, the process for awarding bids for open toolmaker positions was

governed by the terms of a Collective Bargaining Agreement ("CBA") in place

between the Company and the Union. The CBA provided that such positions would

"be awarded on the basis of Total Plant Seniority to those employees that possess

the minimum qualifications." (R.113-1 PageID #1286). Walden's total plant

seniority was higher than the other candidates; however, he was not awarded the

position because he did not pass a written qualifying test. (R.108-10 PageID

#1182). Walden asked a Union steward about protesting the result. The Union believed that a grievance would be unlikely to succeed. (R.113-4 PageID #1464). Instead, Walden was able to test for the toolmaker job once another position opened the following month (R.113-27 PageID #1803)

The Company and the Union worked together to establish a new qualifying test for the toolmaker position which included a written portion and a hands-on portion. A candidate's total score would be computed based on the average score achieved in each section. (R.113-21 PageID #1753-54). To be considered qualified, a candidate would need to score 70 percent or better. (R.113-28 PageID #1829) Walden scored an 87 percent on the written test and a 16 percent on the hands-on test for a combined score of 51 percent; therefore, he was not considered qualified for the position. (R.113-4 PageID #1461-62). GE ultimately awarded the position to Keith Crowley, a fellow bargaining unit member, who had less total plant seniority but scored 69.6 percent on the test, which GE rounded up to 70 percent and considered a passing score. (R.116-5 PageID #2093-34)

In March 2019 Walden asked the Union to file a grievance protesting GE's failure to award a toolmaker position to Walden. (R.108-20 PageID #1204) The Union filed the grievance as requested. After the grievance was denied by the Company, the Union declined to appeal the grievance to arbitration, as it would be unlikely to prevail (R.113-21 Page ID #1764-66). Mr. Walden filed an unfair Labor

Practice Charge with the National Labor Relations Board. The Board dismissed

Mr. Walden's charge after it determined that he had been fairly represented by his

Union. (R.113-34 PageID #1888.)

## III.   SUMMARY OF ARGUMENT

The standard for an appellate review of a district court summary judgment is *de novo* on the record. Summary Judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

In a hybrid §301 case, such as this, the Plaintiff must establish both that their employer breached an applicable Collective Bargaining Agreement, and that the Union representing the Plaintiff breached its duty to fairly represent them. Unions are afforded a wide range of discretion in carrying out the representation of bargaining unit members. Only conduct which is arbitrary, discriminatory, or in bad faith will be considered a breach of the duty of fair representation. In the context of the grievance process, errors of judgment, or even negligence on the part of Union officers does not constitute a breach of the duty of fair representation. Furthermore, Mr. Walden has failed to establish a genuine issue of material fact regarding his allegations that the Company breached the applicable CBA, as the relevant provision establishes that total plant seniority will be the determining factor among qualified candidates for the position. Finally, Mr. Walden's claims against his Union are precluded, since the National Labor Relations Board

investigated his claims of ill treatment at the hands of his Union and dismissed them.

## IV.   ARGUMENT

Walden complains that he was treated unfairly, both by the Company he worked for and by his Union. Twice he applied for a position as a Tool and Die Maker — a position for which he felt he was highly qualified. Twice he was disappointed when he was not awarded the job. He asked his Union to file a grievance on his behalf, and it did. But his grievance was denied by the Company, and his Union decided not to appeal the decision to arbitration.  He had to make do with his current position, working as a machine operator.

The District Court correctly granted Summary Judgment, and the Union is entitled to judgment as a matter of law for three reasons. First, GE did not breach the contract it had with the Union when it failed to award Mr. Walden a toolmaker position. Walden lacked the minimum qualifications required for the position he sought. Successful applicants for the Tool and Die Maker position must first demonstrate that they are qualified to do the work by passing a test. Both times Walden applied for the job, he took and failed this test. As a result, the Company was not obliged, under its agreements with the Union, to award him the position. Secondly, the Union treated Walden fairly. After GE denied his bid, at Walden's

urging, it filed a grievance on his behalf. When GE denied the grievance, the Union made the decision not to appeal the case further. The Union determined that Walden's grievance would have very little chance of success on the merits, as an arbitrator would be very unlikely to grant the Union's grievance and award the bid to Walden as he failed the qualifying test twice and was therefore not a qualified applicant for the position he sought. The Union's decision in this matter was reasonable and consistent with its statutory obligation to represent Mr. Walden fairly. Finally, Mr. Walden is precluded from relitigating his claim that he was unfairly treated by his Union, because the National Labor Relations Board had already investigated his claims of ill treatment at the hands of his Union, and determined that Mr. Walden had been treated fairly

## A. STANDARD OF REVIW

The standard of review for a district court's grant of summary judgment is *de novo*. *Seals v. General Motors Corp.,* 546 F.3d 766, 770 (6th Cir. 2008). Summary judgment is appropriate when no genuine issue exists regarding any material fact, and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of a genuine issue of material fact. *Celotex Case Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6 Cir. 1988). While the court views all evidence and factual inferences in a light most favorable to the non-moving party,

"the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48, (1986). The movant meets its burden on summary judgment by showing that the opposing party will not be able to meet its burden of proof at trial. *Celotex*, 477 U.S. at 325. Thus, the movant carries its burden "by showing — that is, pointing out to the district court — that there is an absence of evidence to support the non-moving party's case." *Id.*

When documentary proof such as depositions and affidavits supports the motion, the nonmoving party may not rest on pleadings, but must present some "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The facts must constitute more than a scintilla of evidence, and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson*, 477 U.S. at 252.

## B. HYBRID §301 CLAIM

To successfully carry the burden of proof in a hybrid §301 case, a plaintiff must establish that two breaches occurred: First, a plaintiff must show that an

12

employer has breached the terms of a collective bargaining agreement in place between the employer and the union; second, the Plaintiff must show that the union breached its duty of fair representation. "To prevail against either the company or the Union, petitioner[] must show not only that [the employer's actions violated the collective bargaining agreement] but must also carry the burden of demonstrating breach of duty by the Union." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, (1976); see also, *DelCostello v. Teamsters,* 462 U.S. 151 (1983). Thus, if a union clearly breached its duty of fair representation, but the actions taken by the employer were not contrary to the collective bargaining agreement, the employee has no claim against either party. Alternatively, if the union met its duty of representation, but the employer's action was arguably a violation of the contract, the claim still fails under §301. In this case, Walden cannot establish either a breach of the duty of fair representation by the Union or a breach of the collective bargaining agreement by the Company that would entitle him to a remedy.

## C. DUTY OF FAIR REPRESENTATION

A labor organization has a statutory duty to fairly represent employees for whom it serves as collective bargaining agent. "Just as . . . fiduciaries owe their beneficiaries a duty of care as well as duty of loyalty, a union owes employees a duty to represent them adequately as well as honestly and in good faith." *Garrison v. Cassens Transport Co.*, 334 F.3d 528, 538 (6 Cir. 2003), quoting *Air Line Pilots*

*Ass'n Int'l v. O'Neill*, 499 U.S. 65, 75 (1991). This duty is subject to considerable discretion on the part of the union. "There is no requirement . . . that the grievance process be 'error-free.' *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 571, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976)." *Id.* "A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion." *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953); *Humphrey v. Moore*, 375 U.S. 335, 349 (1964). In *Vaca v. Sipes*, 386 U.S. 171 (1967), the Supreme Court held that "[a] breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190.

A union's actions are arbitrary only if "in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' . . . as to be irrational." *Airline Pilots v. O'Neill*, 499 U.S. 65 (1991). Discriminatory conduct is "invidious, hostile treatment," and to prevail on such a claim, there must be substantial evidence of "discrimination that is intentional, severe, and unrelated to legitimate union objectives . . . ." *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 300-01 (1971). Substantial evidence of "fraud, deceitful action or dishonest conduct" is necessary to establish a breach of the union's fair representation duty based on bad faith. *Humphrey*, at 348;

14

*Lockridge*, 403 U.S. at 279. Moreover, a union does not breach its duty of fair representation even if its officers, in the course of representing members, make mistakes owing to an error in judgment or even negligence. "When reviewing a union representative's actions or omissions, we must never lose sight of the fact that union agents are not lawyers, and as a general proposition, cannot be held to the same standard as that of licensed professionals." *Garrison*, 334 F.3d at 539. Even if a union's actions are "inadequate or insufficient, this type of action constitutes a mistake in judgment, not a basis for finding a failure of fair representation." *Walk v. P\*I\*E Nationwide*, 958 F.2d 1323, 1330 (6th Cir. 1992). "The courts have in general assumed that mere negligence, even in the enforcement of a collective bargaining agreement, would not state a claim for breach of the duty of fair representation, and we endorse that view today." *Steelworkers v. Rawson*, 495 U.S. 362, 372-73 (1990). In order to prevail, a plaintiff must establish that a union's actions were "wholly irrational" or marked by "extreme arbitrariness." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 585 (6 Cir. 1994). Consequently, judicial review of decisions made by union officers during the grievance procedure, including decisions not to process a grievance to the next step, is very narrow. A bargaining unit member will be bound by the result, even if they disagree with the way the Union handled the grievance. *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 599 (1960).

## D. PLAINTIFF'S CLAIMS

### 1. BREACH OF CONTRACT

Walden's claims against the Union must fail as a matter of law, because there is no genuine issue of material fact regarding the alleged breach of contract. Walden understood that the Tool and Die Maker position would not simply be awarded to the most senior applicant. Rather, as set forth in the Local Supplement, such positions are awarded on the basis of "Total Plant Seniority" among those "[applicant employees] that possess the minimum qualifications." (R.113-1 PageID #1286) GE, consistent with its obligations under the National Agreement and Local Supplement, tested applicants for the Tool and Die Maker position to establish whether and to what extent applicant employees were minimally qualified to do the job. There is no genuine issue of material fact as to whether the Company has the right to test applicants for this position and further, notwithstanding Walden's assertion that he did not fail, there is no genuine issue of material fact that he did not achieve a passing score on either test.

It is clear that Walden was disappointed by the conduct of GE and the Union in the matter of his application and subsequent grievance, but without evidence of his minimum qualification for the position he cannot show that he had a right to be awarded the bid under the applicable collectively bargained agreements.  He

therefore has no redressable injury. *See Hines* 424 U.S. 570-71 and *DelCostello v. Teamsters,* 462 U.S. 151.

## 2. DUTY OF FAIR REPRESENTATION

In his brief Walden characterizes CWA representation as "unfair and wholly ineffective" (Walden Brief, pg. 37) and boldly asserts that he "should be refunded his dues." (Walden Brief, pg. 39) Walden complains about a number of perceived deficiencies with the Union's handling of his grievance, including the Union's alleged failure to keep him "sufficiently appraised" of its progress (Walden Brief, pg. 38) and "ignoring items he [Walden] specifically wanted to raise." *(Id.)* However, Walden's claims against the Union must fail as a matter of law, because the Union has wide discretion regarding actions taken to enforce the contract and handle member grievances. Simply put, the duty of fair representation does not extend so far that each individual bargaining unit member has a federal right to complete satisfaction with every aspect of the operation of their Local or the handling of their grievance. Even if the Court were to accept, for the sake of argument, that Walden's underlying breach of contract claim had merit, Summary Judgment would still be appropriate as there is no evidence that the Union's conduct in processing his grievance was so wholly irrational as to be arbitrary. Walden argues that he was treated unfairly, but this argument is unavailing to the extent that it was not wholly irrational for the Union to accepted GE's explanation

that he did not possess the minimum qualification required for a toolmaker position.

It is well established that even negligence on the part of the Union in handling a member's grievance will not support a claim for breach of the duty of fair representation *Rawson,* 495 U.S. 362, 372-73. It is also well established that a Union is not obligated to pursue every grievance to arbitration. *Vaca v. Sipes,* 386 U.S. 171, 386 (1967)("[W]e do not agree that the individual employee has an absolute right to have his grievance taken to arbitration regardless of the provisions of the applicable collective bargaining agreement.") There is no evidence that the Union's decision was irrational in the light of the facts as it understood them. The Union decided not to pursue Walden's grievance after discussing the merits of the claim and concluding that it would be unlikely to prevail.

Similarly, there is no evidence that Walden was subjected to "invidious hostile treatment" which would establish a genuine issue of material fact as to Walden's alleged discriminatory treatment at the hands of the Union. Walden complains that the Union "got a different result" for another bargaining unit member with a failed bid: Brian King (Walden Brief pg. 38). However, the Union did for Walden what it did for Mr. King. Both members asked the Union to file a grievance protesting the Company's failure to award a Tool and Die Maker position. Neither grievance was sent to arbitration or proceeded beyond the second

18

step. In Mr. King's case the Union was able to settle the grievance, allowing

Mr. King to retake the test. In Walden's case the Union filed a grievance, just as it

had for King, but the Company denied the grievance. The duty of fair

representation is not so broad as to create a duty, on the part of the union, to

negotiate a favorable settlement for every grievant; and there is no evidence that

GE was prepared to offer a similar settlement in the matter of Walden's grievance.

## E. ISSUE PRECLUSION

Summary Judgment is appropriate in this matter as Walden is precluded from

relitigating his claim that he was unfairly treated by his Union, because this issue

was already decided by the National Labor Relations Board which dismissed

charges filed by Mr. Walden on the basis that his union had fairly represented him,

and that any shortcomings on the Union's part could be ascribed to "mere

negligence" (R.113-34 PageID #). If the NLRB has already determined an issue

that a party seeks to relitigate, courts look to "the classic test for issue preclusion"

*Olchowik v. Sheet Metal Workers' Int'l Ass'n,* 875 F2d 555, 557 (6th Cir. 1989). A

party is precluded from relitigating if (1) the issue is identical to the one the NLRB

decided; (2) the issue was necessary to the earlier judgment; and (3) the party

against whom preclusion is sought had a full and fair opportunity to litigate the

issue. *Id.* In the present case, Mr. Walden's hybrid §301 claim depends upon the

Union's failure to represent him fairly in connection with his failed toolmaker bids.

The Board investigated the matter and found that the Union's conduct did not violate its duty to fairly represent Walden. (R.113-34, PageID #1888; R.108-28, PageID #1215). As a result, the District court correctly held that Mr. Walden is now prevented from relitigating the issue of fair representation through this lawsuit.

## V.   CONCLUSION

For all of the foregoing reasons, the Union submits that there is no genuine dispute of material fact that Walden was not a qualified applicant for the Tool and Die Maker position and General Electric did not, therefore, violate its collective bargaining agreement with the union when it did not award him the position. Further, there is no genuine dispute of material fact that the actions of Defendant CWA towards Plaintiff Walden were not arbitrary, discriminatory, or in bad faith. The Union fulfilled its duty of fair representation with respect to the Plaintiff and is entitled to judgment as a matter of law. Finally, the Union submits that the Plaintiff is precluded from relitigating the issue of whether the Union treated him fairly in

connection with his failed bids. The Union respectfully requests that the Court

uphold the District Court's grant of summary judgment.


/s/    Robert F. Holt
Robert F. Holt
IUE-CWA General Counsel
2701 Dryden Road
Dayton, OH   45439
Phone:  937-298-9985
Fax:  937-298-2636
E-Mail:  rholt@iue-cwa.org

Submitted:   June 5, 2024

## CERTIFICATE OF COMPLIANCE WITH REQUIREMENTS
## UNDER FRAP 32(a)

Pursuant to Federal Rule of Appellate Procedure 32(a), the undersigned certifies that this brief does not exceed 13,000 words and the typeface used is 14 point Times New Roman .

/s/ Robert F. Holt
Robert F. Holt

**CERTIFICATE OF SERVICE**

This is to certify that on this 5th day of June, 2024, a copy of the foregoing Motion for Summary Judgment and Memorandum in Support, were served via email on the following:

Austin P. Vowels
Vowels Law PLC
126 N. Main St.
Henderson, KY 42419
austinvowels@vowelslaw.com

Jay Inman
Littler Mendelson, PSC
333 W. Vine St., Suite 1720
Lexington, KY 40507
jinman@littler.com

/s/    Robert F. Holt
Robert F. Holt
IUE-CWA General Counsel
2701 Dryden Road
Dayton, OH   45439
Phone:  937-298-9985
Fax:  937-298-2636
E-Mail:  rholt@iue-cwa.org

**ADDENDUM**

**RELEVANT ORIGINATING COURT DOCUMENTS**

| DOCUMENT | RECORD NUMBER | PAGE ID NUMBERS |
|---|---|---|
| Complaint | 1 | 1-6 |
| Defendant GE's Motion to Dismiss | 7 | 25-40 |
| Defendant CWA's Motion to Dismiss | 8 | 41-54 |
| Memorandum Opinion and Order | 16 | 87-97 |
| Amended Complaint | 21 | 128-136 |
| Defendant CWA's Motion for Summary Judgement | 107 | 851 |
| Defendant GE's Motion for Summary Judgement | 108 | 1087-112 |
| Walden Test | 108-10 | 1182 |
| Grievance 2019-026 | 108-20 | 1204 |
| NLRB Appeal Decision Letter | 108-28 | 1215 |
| Walden Response to Motion for Summary Judgment | 113 | 1253-1282 |
| Collective Bargaining Agreement | 113-1 | 1286 |
| Job Posting | 113-2 | 1313 |
| Walden Deposition | 113-4 | 1376, 1459-60, 1461-62, 1464 |
| Riggs Deposition | 113-6 | 1286 |
| Blades Deposition | 113-21 | 1735-54, 1764-66 |
| Brown Deposition | 113-27 | 1803 |
| King Deposition | 113-28 | 1829 |
| NLRB Decision | 113-34 | 1888 |
| Riggs Declaration | 116-5 | 2093-34 |
| Memorandum and Order | 128 | 2154-55 |
| Notice of Appeal | 130 | 2171 |