No. 24-5141

_____

IN THE

# United States Court of Appeals

## FOR THE SIXTH CIRCUIT
_____

MICHAEL WALDEN,

*Plaintiff-Appellant,*

v.

GENERAL ELECTRIC INTERNATIONAL, INC., A/K/A GENERAL ELECTRIC, A/K/A GE
AVIATION AND COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC

*Defendants-Appellees.*

_____

On Appeal from the United States District Court for the Western District of Kentucky

_____

**PLAINTIFF-APPELLANT'S  REPLY BRIEF**
_____

Austin P. Vowels
Vowels Law PLC
126 North Main Street
P.O. Box 2082
Henderson, Kentucky 42419-2082
Telephone: (270) 831-0805

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS.............................................................................ii

TABLE OF AUTHORITIES.....................................................................iv

I.      ARGUMENT...................................................................................23

      A.      WALDEN WAS QUALIFIED FOR THE PROMOTION AS A MATTER OF LAW OR THERE ARE GENUINE ISSUES OF MATERIAL FACTS RELATED TO THIS ISSUE…………………………………........................................1

      B.      WALDEN GRIEVED HIS NON-SELECTION FOR THE DECEMBER 2018 TOOLMAKER POSITION…………....................................................................3

      C.      WALDEN FAILED THE JANUARY 2019 TOOLMAKER TEST…………………………………………….………........3

      D.      WALDEN WAS NOT TREATED FAIRLY BY CWA…...........4

      E.      WALDEN'S SUR-REPLY SHOULD HAVE BEEN ALLOWED TO ALLOW HIM TO RESPOND TO A NEW DECLARATION BY GE'S TIM RIGGS, WHICH WAS FILED ONLY WITH GE'S REPLY, AND WHICH WALDEN HAD NO OPPORTUNITY TO OTHERWISE SEE OR REPLY………………………...........4

      F.      WALDEN PROPERLY PRESERVED ALL ISSUES RAISED…………………………………………………….....5

      G.      WALDEN CAN PROVE BOTH THAT HE WAS QUALIFIED FOR THE JOB AND THAT A SIMILARLY SITUATED PERSON NOT PART OF A PROTECTED CLASS WAS AWARDED THE JOB………..…………….................................6

      H.      GE HAS NO LEGITIMATE NON-DISCRIMINATORY BASIS FOR SELECTING ITS TOOLMAKERS………...........................10

I.    GE'S ALLEGED REASON (THE TESTING) IS PRETEXT FOR AGE DISCRIMINATION…………….....................................11

VI.    CONCLUSION...............................................................................12

CERTIFICATE OF COMPLIANCE......................................................13

CERTIFICATE OF SERVICE..............................................................14

## TABLE OF AUTHORITIES

Cases:                                                                                            Page

***Davis v. Siemens Med. Sols. USA, Inc*., 399 F. Supp. 2d 785, 792 (W.D. Ky. 2005)**………………………………………………………………...…**1**

***Frear v. PTA Indus.*, 160, 103 S.W.3d 99 (U.S. 2003)**………………………...**1**

***Hartsel v. Keys*, 87 F.3d 795, 801 (6th Cir 1996)**………………………...…**10**

***McDonnell Douglas Corporation v. Green,* 411 U.S. 792 (1973)**…………......…**10**

***Wendy Harper v. Terry Elder, Brad Conaway and Webster County, Kentucky*, Case No. 19-5475 (6th Cir. Mar. 4, 2020)**…………………………………**5**

Statutes:

Regulations, Rules and Other Referenced Materials:

**11 Richard A. Lord, *Williston on Contracts* § 30:6 (4th ed.)**……………………**1**

## I.    ARGUMENT.

## A.    WALDEN WAS QUALIFIED FOR THE PROMOTION AS A MATTER OF LAW OR THERE ARE GENUINE ISSUES OF MATERIAL FACTS RELATED TO THIS ISSUE.

As previously discussed, the dispute in this case is over whether Walden met the minimum qualifications and, pursuant to the collective bargaining agreement, should have been promoted. Walden already discussed this issue in his brief and how, based upon the evidence of record, Walden did because (A) passing a test was never a minimum qualification at all, (B) Walden passed the test in December 2018, and (C) one person awarded over Walden in response to the January 2019 Posting never passed the test or met the minimum qualifications.

GE, in its response brief, merely argues that Walden was required to pass a test because Riggs said so. (GE Response, p. 8). GE completely ignores the law. "Under Kentucky law . . . the Court cannot reference extrinsic facts or aids, to determine the meaning of an unambiguous contract." *Davis v. Siemens Med. Sols. USA, Inc*., 399 F. Supp. 2d 785, 792 (W.D. Ky. 2005) citing *Frear v. PTA Indus.*, 160, 103 S.W.3d 99 (U.S. 2003); 11 Richard A. Lord, *Williston on Contracts* § 30:6 (4th ed.). Here, the Collective Bargaining Agreement is unambiguous. As GE admits, it explains that the most senior candidate gets the job if they meet the

minimum qualifications. It is also unambiguous that Walden met the minimum qualifications because GE listed them in the job posting and Walden met them. The minimum qualifications did not include a passing test score. The job posting lists "Qualifications: Graduate of GE approved Tool & Die Apprenticeship Program or 5 years of Tool and Die job experience." (Doc. 113-2, PageID 1313). Between the job posting and the CBA, the contract is not ambiguous. The parole evidence rule precludes outside evidence from being considered in this situation. Walden should have been awarded the job as a matter of law, plain and simple.

The mere fact that GE alleges a test requirement that they failed to list in the posting simply shows that they are attempting to change the rules to not allow Walden to promote retroactively and in a discriminatory, pretextual fashion. The District Court should not have tolerated that, and neither should this Court. It should be found that, as a matter of law, Walden should have been promoted because he was the most senior candidate and possessed the minimum qualifications.

GE similarly ignores the genuine issues of material fact pointed out in Walden's brief. It ignores all evidence contrary to that which is favorable to it. (GE Response, at 7-9). Most significantly there, it ignores the evidence that Riggs insinuated to Walden that he passed, that Walden passed the December 2018 toolmaker test, that GE changed the test to his detriment, and that GE fabricated

others' test scores that do not match the answer key for nearly everyone that GE alleges to have previously passed the test.

Ignoring these genuine issues of material fact was the problem with the District Court's opinion. All evidence should be considered, and inferences should be made in favor of the nonmoving party, which was Walden. The District Court erred with a contrary approach. GE's argument attempting to reinforce that misapplication of the law should be given no credence.

**B.    WALDEN GRIEVED HIS NON-SELECTION FOR THE DECEMBER 2018 TOOLMAKER POSITION.**

GE alleges that Walden declined to grieve his non-selection for the December 2018 toolmaker position. (GE Response, at 9-10). This is not true. Walden filed a grievance on March 12, 2019 addressing both the wrongful actions taken in December 2018 and January 2019. (Doc. 113-29, PageID1852). Had Walden had fair representation from CWA, he would have likely pursued the same grievance earlier, in December 2018. But, he was not well-advised when he was originally wronged and did not pursue his grievance until March 2019 when he learned, without help from CWA, that he should have been awarded the job under the clear language collective bargaining agreement.

**C.    WALDEN FAILED THE JANUARY 2019 TOOLMAKER TEST.**

GE alleges that Walden failed the January 2019 tool maker test. (GE Response, at 10). That is undisputed. But, the fact of the matter is the collective

bargaining agreement required him to be promoted regardless of the test because he met the minimum qualifications. Further, there is a genuine issue of material facts with respect to whether Walden passed the December 2018 test with most evidence pointing to Walden passing.

### D.    WALDEN WAS NOT TREATED FAIRLY BY CWA.

GE misrepresents the NLRB case to the Court by omission. (Response Brief, 14-15). Significantly, the NLRB decision finds CWA negligent. (Doc. 113-34, PageID 1888)("this amounts to mere negligence")). Regardless, the discussion of the NLRB case and the EEOC case, (Response at 15-16), is irrelevant. This Court is reviewing the District Court's decision. GE's attempts to mislead this Court should be unsuccessful.

### E.    WALDEN'S SUR-REPLY SHOULD HAVE BEEN ALLOWED TO ALLOW HIM TO RESPOND TO A NEW DECLARATION BY GE'S TIM RIGGS, WHICH WAS FILED ONLY WITH GE'S REPLY, AND WHICH WALDEN HAD NO OPPORTUNITY TO OTHERWISE SEE OR REPLY.

GE misrepresents the sur-reply filed by Walden, claiming it was "extensive". (GE Response, at 17). The affidavit attached to the sur-reply was only 2 pages. (Doc. 118, PageID2119-20). It was designed to respond to a 3 page "Declaration" of GE's Riggs submitted with the reply. (Doc. 115-5, PageID 2092-94). If GE considered Walden's affidavit extensive, it must consider its declaration

very extensive since it was longer. Surely, Walden should be given opportunity to respond to a very extensive declaration submitted by GE with its reply.

### F.    WALDEN PROPERLY PRESERVED ALL ISSUES RAISED.

GE argues that Walden did not properly preserve issues because he did not specifically point out the District Court's errors to it. (GE Response, at 22). This argument has no merit. The issues on appeal are primarily the granting of summary judgment and the District Court's refusal to accept Walden's sur-reply to allow him to respond to new evidence submitted by GE with its reply. Both issues were litigated and decided by the District Court, and accordingly preserved. The Court found similar issues properly preserved and reversed the District Court's grant of summary judgment in *Wendy Harper v. Terry Elder, Brad Conaway and Webster County, Kentucky*, Case No. 19-5475 (6th Cir. Mar. 4, 2020). All of the arguments were raised here at the District Court level and no Rule 59 motion was necessary to ask the Court to re-decide issues it had already decided.

While GE alleges that Walden "did not initially raise certain arguments," "never filed a Rule 59 or other like motion to raise his arguments," and "has many arguments that Mr. Walden never raised," the only argument GE actually points out and claims Walden did not previously raise is the argument about "a brand-new contract theory" which it claims was not raised at the District Court level. (GE Response, at 23). This claim is false and a misrepresentation by GE. The

contractual theory was raised and argued in the response to the motion for summary judgment, primarily in Section II, Subsection A., which was titled "Walden was qualified for the job; passing the test was not a qualification." (Doc. 113, PageID1269-70). GE's argument about preservation should be rejected.

## G.   WALDEN CAN PROVE BOTH THAT HE WAS QUALIFIED FOR THE JOB AND THAT A SIMILARLY SITUATED PERSON NOT PART OF A PROTECTED CLASS WAS AWARDED THE JOB.

GE argues that Walden is limited to allegations surrounding the December 2019 and January 2019 applications for the promotions. (GE Response, at 25). Walden has only covered those applications for the promotion. So GE's argument is moot.

GE next argues that Walden cannot meet his prima facie case because he cannot show he was qualified for the job or that a similarly situated person not part of a protected class received the job. (GE Response, at 26-27). GE's argument that Walden was not qualified all centers around Walden allegedly not passing the test. (GE Response, at 27). GE ignores that the test was not required according to its job posting. Further, GE ignores that there is a genuine issue of material fact related to whether the Walden passed the test. (Response, at 27). Accordingly, GE's argument is very underwhelming and leaves little left to address that was not already addressed in the original brief.

GE further misleads this Court by insinuating that everyone took the same test. (GE Response, at 27). It does so to attempt to mask that the two younger candidates were given a shorter and easier test during their first sitting in December 2018. (Riggs Deposition, Doc. 113-6, PageID1564, 1568). Then, before Walden got the test, it was made longer and harder. (Riggs Deposition, Doc. 113-6, PageID1564-66; Doc. 113-6, PageID1565; Response to Interrogatories, Doc. 113-9, PageID1641). GE also ignores that despite GE claiming this decision to make Walden's test longer and harder was made with the Union, the Union representative had no recollection of that occurring. (Skilled Trades Brown Deposition, Doc. 113-27, PageID1797-98). Only after the blatant age discrimination against Walden, GE claims it decided to have the younger employees take the additional questions it made Walden take during the first sitting. But, GE also ignores that one of those younger employees had no recollection of ever being asked to come back for a second sitting and additional questions. (Byrant's Deposition, Doc. 113-10, PageID1659). So, there is a genuine issue of material fact related to whether the testing happened at all the way GE described it.

GE argues that Walden's argument that he passed the December 2018 test is subjective conjecture. (GE Response, at 28). But, that is not true. GE's Riggs insinuated to Walden that he passed the test as soon as he was done taking it and

while refusing to allow Walden to ask pertinent questions about the test or complete it. (Walden's Deposition, Doc. 113-4, PageID1371-72). Further, GE has no record of what a passing score on the test was. The objective evidence (comparison of the answer key to the test answers) shows that one younger candidate missed five questions. (Bryant's test, Doc. 113-16, PageID1707; Answer Key, Doc. 113-17, PageID1715). The objective evidence shows that the other younger candidate missed eight questions. (Brown's test, Doc. 113-18; Doc. 113-17, PageID1712; Answer Key, Doc. 113-17, PageID1715). Neither would allow the 85% score GE now claims was required to pass the test. Riggs also originally told Walden that the other candidates missed four questions each. (Doc. 113-4, PageID1464). On a 25 question test, each would then only score 84%. GE, of course, ignores all of this evidence and cites the very distinguishable cases that Walden already discussed in his original brief. (Response, at 27-28; Appellant Brief, at 31-32).

GE also argues its job posting language about qualifications did not explain the actual qualifications needed for the job because it has further language about "classifications and definitions." (Response, at 29). This argument does not hold water because classifications and definitions are not the same as job qualifications. The posting also clearly and explicitly states "The candidate must . . . meet the qualifications below" and then specifically lists out qualifications that everyone is

8

in agreement, Walden meets. (Doc. 113-2, PageID1313). Even more, when GE required a test to get a job, as it did later with the Toolmaker position, it listed the same in its job posting. (Doc. 113-26, PageID1783).

GE further argues that Walden cannot prove younger people that were similarly situated were hired over him. That is inaccurate. As already discussed, there is a genuine issue of material fact related to whether Walden passed the test with much evidence showing he did. Even more though, even if Walden did not pass the test, Brian King was a similarly situated younger employee who also did not pass the test. When he failed, GE let him review the same test with them, allowed him to re-take, he passed, and he was allowed to promote. Walden was allowed to review his test in December 2018 but then GE changed the test before he took it again. (Appellant's Brief, at 38). That is clear discrimination. Further, as discussed in the original brief, GE promoted one younger candidate, Crowley, to toolmaker despite him never passing the test or meeting the qualifications listed. (Appellant's Brief, at 36). GE also promoted all of the younger candidates over Walden that competed with him for the December 2018 and January 2019 job postings. So, GE's entire argument is predicated on a genuine issue of material fact that a jury should decide and which shows the grant of summary judgment should be vacated.

## H.    GE HAS NO LEGITIMATE NON-DISCRIMINATORY BASIS FOR SELECTING ITS TOOLMAKERS.

GE also cites *Hartsel v. Keys*, 87 F.3d 795, 801 (6th Cir 1996) for the proposition that it was not required to make perfect decisions in grading its tests. (GE Response, at 31). What GE misses in this flawed analysis is that the *McDonald Douglas* burden shifting test was formed to address this precise problem. All Walden is has to prove is that he was a qualified and not promoted while similarly situated younger candidates were. GE's got the burden of proving a legitimate reason for its actions. It cannot because it has none. It claims Walden failed a test he was not required to even take to be promoted under the collective bargaining agreement and GE's job posting. However, contrary evidence shows Walden passed. Further, GE's reason is not legitimate because it gave the two younger candidates a shorter and easier test than it gave Walden. Though it claims all candidates took the same test, evidence suggests otherwise as explained *supra*. It also claims it changed the test for Walden based upon an agreement with the Union. But, the Union representative did not recall the same. GE has no legitimate reason.

# I.    GE'S ALLEGED REASON (THE TESTING) IS PRETEXT FOR AGE DISCRIMINATION.

GE also claims it had an honest belief that it was legitimate to discriminate against Walden, being that it believed Walden failed the test. (GE Response, at 35). But, there is all kinds of evidence that GE was not sincere in this belief. For starters, Riggs refused to allow Walden to complete the test or answer his questions about it on the grounds that he did not believe it would be an issue (insinuating that Walden did in-fact pass the test). Second, Riggs next told Walden drastically different scores on the December 2018 test than what GE claims now, showing that Riggs was dishonest when he told Walden it would not be an issue, when he told Walden the scores after telling him it would not be an issue, or now that GE is claiming other scores. Third, Riggs claims GE changed the December 2018 test right before Walden took it because the Union rep agreed to that. But, the Union rep had no recollection of the same- showing Riggs was likely being dishonest. Fourth, Riggs claimed he made the younger candidates come back for a second sitting and complete the additional questions for the December 2018 test so they would, in total, take all the same questions Walden did. But, one of the younger candidates did not recall that at all- showing Riggs was likely being dishonest. There is plenty of evidence of GE's dishonesty that would allow a jury to determine its reasons for not promoting Walden is pretextual. GE's argument should fail.

11

**J.** **THERE IS NO ISSUE PRECLUSION RELATED TO THE NLRB CASE**

GE presents no novel issues to reply to in this section that have not already been sufficiently addressed in Walden's original brief.

**K.** **WALDEN'S CLAIM RELATED TO VIOLATION OF SECTION 301 OF THE NATIONAL LABOR RELATIONS ACT SHOULD SUCCEED ON THE MERITS.**

GE presents no novel issues to reply to in this section that have not already been sufficiently addressed in Walden's original brief.

**L.** **THE COURT SHOULD HAVE ALLOWED WALDEN TO SUR-REPLY TO GE'S REPLY SINCE GE INCLUDED NEW EVIDENCE WITH ITS REPLY.**

GE presents no novel issues to reply to in this section that have not already been sufficiently addressed in Walden's original brief.

**M.** **THE UNION/CWA.**

CWA presents no novel issues to reply to in its brief that have not already been sufficiently addressed in Walden's original brief.

II. **CONCLUSION.**

GE and CWA put forth no legitimate reason either should have this case dismissed on summary judgement. The motions for summary judgment should have been denied. This Court should reverse and vacate the District Court's decision as explained herein.

Respectfully,

Vowels Law PLC
126 North Main Street
P.O. Box 2082
Henderson, Kentucky 42419-2082
Telephone: (270) 831-0805

By:___/s/ Austin P. Vowels_____
     Austin P. Vowels

## **CERTIFICATE OF COMPLIANCE**

**Word Count**

As required by Fed. R. App. P. 32(a)(7)(C), I certify that this brief is proportionally spaced and contains 2,788 words (exclusive of the cover, table of contents, table of authorities, statement on oral argument, certificate of compliance, and certificate of service). I relied on my word processor to obtain the count, using Microsoft Word Office 365.

**Type Face**

In addition, this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of  Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced type face using Microsoft Word 2007 in Times New Roman, 14 pt.

___s/ Austin P. Vowels_____
Austin P. Vowels

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served upon the parties by electronically filing or mailing the same on this 21st day of June, 2024 to the following:

Robert F. Holt, Esq.
IUE-CWA Staff Attorney
2701 Dryden Road
Dayton, Ohio 54539
Email: rholt@iue-cwa.org
**ATTORNEY FOR DEFENDANT**

Jay Inman, Esq.
Little Medelson, P.S.C.
333 West Vine Street, Suite 1720
Lexington, Kentucky 40507
Email: jinman@littler.com
**ATTORNEY FOR DEFENDANT**

/s/Austin P. Vowels
Austin P. Vowels

14